## Orloski v. Pennsylvania Power & Light Co.

C.P. of Lehigh County, no. 2000-C-2452.

*Richard L. Orloski,* for plaintiff.
*Malcolm J. Gross,* for defendant.

BLACK, *J.,* February 7, 2001—This matter comes before the court on defendant's preliminary objections in the nature of a demurrer to both counts of plaintiff's complaint. The complaint avers the following: plaintiff, an attorney-at-law, represented Ferdinand Brenner in an age discrimination suit against defendant in the United States District Court for the Eastern District of Pennsylvania. On Brenner's behalf, and with his authorization, plaintiff sent a letter to defendant's counsel to confirm a proposal to settle this case for the sum of $42,500, of which $37,500 was to be paid to Brenner and $5,000 to plaintiff as counsel fees. Defendant's counsel, acting with actual and apparent authority, responded by letter accepting the terms of the settlement and stating that an "appropriate release" would be forwarded for execution by Brenner. Thereafter, on December 17, 1998, the federal

age discrimination case was dismissed with prejudice pursuant to Rule 41.1(b) of the local rules of civil procedure of the federal district court, upon plaintiff's representation to the court that the case had been settled. Nevertheless, despite demand, defendant has never paid plaintiff the agreed upon $5,000 counsel fee. In Count One of the complaint, plaintiff seeks to recover this counsel fee from defendant on a breach-of-contract theory. In Count Two, plaintiff seeks to recover this sum on a claim of unjust enrichment.

Defendant's demurrer states correctly that the complaint does not aver that Brenner ever furnished a release to defendant. Hence, defendant contends that plaintiff has failed to allege an essential ingredient of his cause of action, *i.e.,* performance of the bargained-for consideration. At oral argument, counsel for the parties agreed that a release had not been furnished because Brenner refused to sign it; and that as a consequence, defendant has never paid Brenner the $37,500 he was to receive in the settlement.

In response to defendant's argument, plaintiff points out that the federal action was dismissed with prejudice more than two years ago and cannot now be reopened. Therefore, plaintiff contends that there has been substantial performance of Brenner's obligations under the settlement agreement. According to plaintiff, defendant has obtained the benefit of the settlement, and a release at this time would be superfluous.

Plaintiff's position may or may not be valid. The settlement agreement may have contemplated a general release, as is customary in such matters, and without a general release there may remain some potential exposure

to defendant from claims by Brenner. However, since a demurrer is not to be granted except in a clear case, I must overrule the demurrer to Count One, the claim for breach of contract. The fact-finder will have to determine, after hearing the evidence, what the full terms of the settlement agreement were and whether this agreement was substantially performed by the dismissal of the federal action with prejudice. See *Lane Enterprises Inc. v. L.B. Foster Co.,* 700 A.2d 465, 471 (Pa. Super. 1997) ("If . . . the breach is an immaterial failure of performance, and the contract was substantially performed, the contract remains effective."); see also, Restatement (Second) of Contracts §241.

With respect to Count Two, I reach a different conclusion. Plaintiff was acting in the federal action solely on behalf of his client, Brenner. In this circumstance, the fact that defendant may have derived some benefit from plaintiff's services is not sufficient to impose liability on defendant for payment of plaintiff's legal fee. The theory of unjust enrichment simply does not apply to this situation. For example, in a real estate transaction where the attorney for the seller prepares and delivers the deed, the seller's attorney must look to his client, the seller, for compensation for his services. The attorney cannot claim that the buyer derived a benefit from the transaction and therefore is unjustly enriched.

For this reason, plaintiff's case stands or falls on the breach-of-contract theory. Absent an enforceable contract for payment of his fee by defendant, plaintiff must look to Brenner for payment. Accordingly, the demurrer to the unjust enrichment claim in Count Two is sustained. The rights and obligations of the parties to this action

must be determined on the breach-of-contract claim in Count One.

## ORDER

Now, February 7, 2001, upon consideration of defendant's preliminary objections to plaintiff's complaint, after review of the parties' briefs and oral argument, and for the reasons set forth in the accompanying memorandum opinion, it is ordered that said preliminary objections are sustained in part and overruled in part as follows:

(1) The objection in the nature of a demurrer to Count One is overruled.

(2) The objection in the nature of a demurrer to Count Two is sustained, and this count is dismissed from the complaint.

It is further ordered that defendant shall file an answer to Count One of the complaint within 20 days from the date of this order.